IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**J & J SPORTS PRODUCTIONS, INC.**                                    **PLAINTIFF**

**V.**                          **CASE NO. 5:15-CV-5199**

**EDWARD VEGA, individually and**
**d/b/a SPRINGDALE CIVIC CENTER**                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant Edward Vega's Response to Notice of Default Procedure (Doc. 11), which the Court will construe as a motion to extend the deadline for responsive pleading; Plaintiff J & J Sports Productions, Inc.'s ("J&J") Motion to Strike Defendant's Affirmative Defenses and Reservation (Doc. 13), Mr. Vega's Response (Doc. 16), and J&J's Reply (Doc. 18); J&J's Motion to Strike Defendant's Amended Answer (Doc. 20), and Mr. Vega's Response (Doc. 23); and Mr. Vega's Motion for Leave to File Amended Answer to Complaint (Doc. 22). For the reasons given below, Mr. Vega's motion to extend deadline for responsive pleading (Doc. 11) is **GRANTED**, J&J's December 24 Motion to Strike (Doc. 13) and Mr. Vega's Motion for Leave to File Amended Answer (Doc. 22) are **MOOT**, and J&J's January 27 Motion to Strike (Doc. 20) is **DENIED**.

### I. Mr. Vega's Motion to Extend Deadline for Responsive Pleading

J&J's Complaint was filed on August 21, 2015, and then finally served on Mr. Vega on November 10, 2015. Mr. Vega filed his Answer (Doc. 10) on December 7, 2015, which was six days beyond the 21-day deadline imposed by Fed. R. Civ. P. 12(a)(1)(A)(i). The next day, Mr. Vega filed a Response to Notice of Default Procedure, explaining that his

1

tardiness was the result of a good-faith calendaring error on the part of his attorney, (Doc. 11, ¶ 9), and moving "this Court to enlarge the time appropriate for filing an Answer in this case to December 7, 2015," *id.* at ¶ 11. Fed. R. Civ. P. 6(b)(1)(B) authorizes this Court to extend the deadline for Mr. Vega to file his answer "on motion made after the time has expired if the party failed to act because of excusable neglect." The Court finds that the calendaring error by Mr. Vega's attorney was excusable neglect because it was a good faith error resulting in minimal delay, and because permitting the Answer to be filed will not unfairly prejudice J&J. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Kaubisch v. Weber*, 408 F.3d 540, 542–43 (8th Cir. 2005). Therefore, Mr. Vega's motion to extend deadline for responsive pleading (Doc. 11) is **GRANTED**, and Mr. Vega's Answer is considered timely filed.

## II. J&J's First Motion to Strike, and Mr. Vega's Motion for Leave

On December 24, 2015, J&J filed a Motion to Strike (Doc. 13) certain portions of the "defenses" section in Mr. Vega's Answer. Then, on January 6, 2016, Mr. Vega filed an Amended Answer (Doc. 15) along with a Response (Doc. 16), arguing that the filing of his Amended Answer mooted the issues raised in J&J's Motion. J&J countered in its Reply (Doc. 18) that Mr. Vega's Amended Answer was not properly before the Court because, under Fed. R. Civ. P. 15(a)(2), a party may not amend a pleading more than 21 days after serving it without "the opposing party's written consent or the court's leave." However, the same Rule also states that "[t]he court should freely give leave when justice so requires." *Id.* The Court finds here that justice so requires, and therefore retroactively and *sua sponte* grants Mr. Vega leave to file his Amended Answer. This ruling renders

**MOOT** J&J's December 24 Motion to Strike (Doc. 13), as well as Mr. Vega's belated Motion for Leave to File Amended Answer (Doc. 22), which was filed on February 9, 2016.

### III. J&J's Second Motion to Strike

The sole remaining motion before the Court is J&J's *second* Motion to Strike (Doc. 20), filed on January 27, 2016, pertaining to Mr. Vega's *Amended* Answer. As a threshold matter, J&J argues that the heightened pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), should apply to affirmative defenses, negating the older Eighth Circuit rule that the "bare assertion" of an affirmative defense could provide sufficient notice to a plaintiff. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997). In support of this contention, J&J asserts that "several district courts . . . within the Eighth Circuit" have applied *Twombly* to pleadings of affirmative defenses. However, *this* Court has previously ruled otherwise, and is not in the business of departing from its own precedent absent a very compelling reason to do so:

> The heightened pleading standards set forth by the Supreme Court in [*Twombly* and *Iqbal*] do not appear to apply to affirmative defenses. Moreover, "imposing a heightened standard on a defendant to plead facts showing 'plausibility' of the affirmative defenses seems unreasonable in light of the time frame the defendant has to respond to the complaint. *Ash Grove Cement Co. v. MMR Constructors, Inc.*, 2011 WL 3811445, *2 (W.D. Ark. Aug. 29, 2011).

*Chavez v. Montes*, 2015 WL 3604226, at *1 (W.D. Ark. Jun. 5, 2015) (alteration omitted).

Although this Court has the discretion to strike pleadings under Fed. R. Civ. P. 12(f), motions to strike request "an extreme measure" and are therefore "viewed with disfavor and are infrequently granted." *Id.* (quoting *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)). Therefore, this Court will not strike an affirmative defense

unless the moving party can "demonstrate that the defense [is] immaterial, implausible, and/or wholly unrelated to the claims at issue in the lawsuit."[1]  *Id.*  In this lawsuit, the claims at issue arise from allegations that Mr. Vega knowingly intercepted and published without authorization a televised fight between Floyd Mayweather, Jr. and Saul Alvarez to which J&J had exclusive nationwide commercial distribution rights.  (Doc. 1, ¶ 14).

First, J&J argues that the Court should strike the Amended Answer's assertions in paragraph 33 that the Complaint fails "to state facts upon which relief can be granted under Rule 12(b)(6)" and fails "to join a party under Rule 19."  But there simply is no practical purpose to be served by striking these defenses, since Rule 12(h)(2) expressly preserves their availability all the way to trial, regardless of whether they are raised in a responsive pleading.  Mr. Vega has not *moved* the Court to dismiss this case for failure to state a claim or failure to join a party, and striking these defenses from his Amended Answer would not prevent him from so moving at a later time; effectively, he has simply put J&J on notice, however minimal, that he is contemplating filing such motions, despite having been under no legal, ethical, or prudential obligation to provide J&J any notice at all.  Perhaps, then, such notice is technically "redundant," Fed. R. Civ. P. 12(f), but it is quite harmless to J&J, and the Court sees no point in striking it.

J&J also asks the Court to strike paragraph 35 of the Amended Complaint, which states that "any award of damages to the Plaintiff should be reduced to $100.00 or $250.00 . . . to reflect the Defendant's unwitting violation of the law."  The sole justification

---

[1] That said, rather than immediately striking such defenses, this Court's practice is to first impose a deadline by which defendants must buttress them with supporting factual allegations.  Typically, the Court requires such pleading amendments to be made within 90 days of the Rule 16 case management conference.

J&J offers for striking this paragraph is that it "is not an affirmative defense, but a denial of an element of Plaintiff's causes of action." (Doc. 21, p. 8). Since the Amended Answer does not characterize paragraph 35's assertions as an affirmative defense, the Court fails to see the problem here and will not strike the challenged language.[2]

Turning to paragraph 34 of the Amended Complaint, J&J requests that Mr. Vega's assertion of "the affirmative defenses of estoppel, license and payment" be stricken. Regarding license and payment, J&J argues that in this case they can only, "at best, . . . contradict[] and den[y] the allegations of the Complaint," which would mean they are not "affirmative" in character. *Id.* Here, as is so often the case, this Court believes Wright and Miller put it best:

> In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader. If the plaintiff has been given 'plain notice' of the matters to be litigated, which is all the federal pleading rules require, he should be put to his proof on those issues irrespective of any error by the defendant regarding terminology.
>
> The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it were correctly labeled. This is amply demonstrated by the fact that *research has not revealed a single reported decision since the promulgation of the federal rules* in which an erroneous designation resulted in any substantial prejudice to the pleader.

5 Wright and Miller, Federal Practice and Procedure: Civil 3d § 1269 (emphasis added).

Regarding estoppel, J&J argues that the Amended Answer provides insufficient notice, as "simply stating 'estoppel' leaves Plaintiff in the position of having to guess which

---

[2] Presumably J&J is not contending that an answer is an inappropriate place for a defendant to "deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B).

5

estoppel theory is being raised." (Doc. 21, p. 7). Notably absent from J&J's argument, though, is any contention that the affirmative defense of estoppel bears no relation to the claims at issue in this lawsuit. The Court is unwilling to rule that estoppel is "immaterial, implausible, and/or wholly unrelated to the claims at issue in [this] lawsuit," *supra*, at p. 4, in the absence of any authority indicating that it is generally unavailable as a defense to claims of this nature. *Compare Travelers Exp. Co., Inc. v. Am. Exp. Integrated Payment Sys. Inc.*, 80 F. Supp. 2d 1033, 1038 (D. Minn. 1999) (implied license by equitable estoppel is a valid affirmative defense to patent infringement actions), *and Agriliance, L.L.C. v. Runnells Grain Elevator, Inc.*, 272 F. Supp. 2d 800, 807 (S.D. Iowa 2003) ("Equitable estoppel is a valid defense to a conversion claim under the Food Security Act and is determined under state law."), *with Chavez*, 2015 WL 3604226, at *2 (citing *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008), for the rule that estoppel generally is not typically a proper defense to wage-and-hour claims under the Fair Labor Standards Act).

Finally, J&J asks this Court to strike paragraph 37 of the Amended Answer, which "reserve[s] the right to plead further, by amendment, additional third-party practice, or otherwise, pending further investigation and discovery," on the grounds that there is no right to reserve here beyond that already provided by the Federal Rules. As with the earlier discussion of the defenses of failure to state a claim and failure to join, the Court does not believe it makes any practical difference whether this language is in or out of the pleadings; the Court does not understand this paragraph to be saying anything other than simply that Mr. Vega anticipates the possibility of seeking leave under Fed. R. Civ. P. 14 or 15 to plead further at some later stage in this case. Although there was no need for

6

Mr. Vega to include this declaration in his Amended Answer, its inclusion does no harm to anyone and the Court does not see any point in striking it.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Mr. Vega's motion to extend deadline for responsive pleading (Doc. 11) is **GRANTED**, J&J's December 24 Motion to Strike (Doc. 13) and Mr. Vega's Motion for Leave to File Amended Answer (Doc. 22) are **MOOT**, and J&J's January 27 Motion to Strike (Doc. 20) is **DENIED**. Now that these issues have been resolved, the Court is optimistic that Mr. Vega will have no further difficulties complying with deadlines and that J&J will have no further need to seek the intervention of this Court on fine-grained pleading technicalities.

**IT IS SO ORDERED** on this 16th day of February, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE