IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**J & J SPORTS PRODUCTIONS, INC.**                                                                **PLAINTIFF**

**V.**                              **CASE NO. 5:15-CV-5199**

**EDWARD VEGA, individually and
d/b/a SPRINGDALE CIVIC CENTER**                                                      **DEFENDANT**

## OPINION AND ORDER

This case involves claims by Plaintiff J & J Sports Productions, Inc. ("J&J") that Defendant Edward Vega unlawfully and without authorization published a televised fight to which J&J had exclusive commercial distribution rights.  On February 16, 2016, after ruling on four vigorously contested pleading-stage motions, including two motions to strike that were filed by J&J, this Court expressed optimism "that J&J will have no further need to seek the intervention of this Court on fine-grained pleading technicalities."  (Doc. 25, p. 7).  Apparently the Court's optimism was naïve, because J&J has now presented it with yet another Motion to Strike (Doc. 38) two of Mr. Vega's affirmative defenses from his Third Amended Answer, notwithstanding the fact that this Court already gave Mr. Vega explicit permission on August 2, 2016 to file those two defenses—over J&J's objection— on the grounds that J&J had "made no attempt at meeting its burden" of showing that they were futile or would unfairly prejudice J&J.  See Doc. 36, p. 3.  J&J's Motion is **DENIED**.

As the Court observed eighth months ago in this same case, although it "has the discretion to strike pleadings under Fed. R. Civ. P. 12(f)," striking pleadings constitutes "an extreme measure," and therefore motions to do so are "viewed with disfavor and are infrequently granted."  See Doc. 25, p. 3 (quoting Chavez v. Montes, 2015 WL 3604226,

1

at *1). "Therefore, this Court will not strike an affirmative defense unless the moving party can 'demonstrate that the defense [is] immaterial, implausible, and/or wholly unrelated to the claims at issue in the lawsuit.'" *Id.*

J&J asks the Court to strike Mr. Vega's first affirmative defense, which essentially asserts that he cannot be held individually liable for the actions taken by the Springdale Civic Center business entity in this case. *See* Doc. 37, p. 3. J&J insists that he *can* be, provided the proper factual prerequisite is met. *See* Doc. 39, p. 3; *Comcast of Illinois X v. Multi-Vision Electronics, Inc.*, 491 F.3d 938, 947 ("*Because the record shows no distinction between Abboud's actions and Multivision's*, the district court did not err in making Abboud personally liable for the judgment." (emphasis added)). If J&J believes that there is no material dispute of fact that Mr. Vega and the Springdale Civic Center were indistinct actors, and that J&J is otherwise entitled to judgment as a matter of law, then J&J is perfectly free to move for summary judgment against Mr. Vega on those grounds. But the Court is not going to pre-judge during the pleading stage what the factual record will ultimately show with regard to Mr. Vega's level of control over the Springdale Civic Center's actions in this case, as the purpose of pleading is not to resolve factual disputes, but rather simply to place the parties on notice of their claims and defenses against each other.

J&J also asks the Court to strike Mr. Vega's second affirmative defense, which asserts that "[t]he establishment was authorized to receive the signal for the subject fight program by the signal provider." (Doc. 37, p. 3). J&J argues that "if the 'signal provider' from whom Defendant purports to have obtained the Program did not permit the use of programming in the first place, the authorization argument would fail." (Doc. 39, p. 8)

2

(emphasis removed). But note those words "if" and "would." Once again, J&J is asking this Court to pre-judge disputed facts at the pleading stage. Once again, this Court declines to do so.

By the Court's arithmetic, this would now appear to be the *sixth* motion in this case that has revolved around J&J's contentions that Mr. Vega's pleadings are deficient in some manner or another, yielding at least 91 pages of briefing by the parties and 18 pages of opinions by the Court. *See* Docs. 11, 13, 16, 18, 20, 21, 22, 23, 25, 34, 35, 36, 38, 39, 40, 41-1, and this Order. Some of J&J's arguments have been more availing than others, and the Court does not mean to imply that J&J's motion practice in this case has been frivolous. But the Court wishes to make abundantly clear at this time that in the grand scheme of things, it believes the volume of pleading-stage motion practice in this case has been wildly disproportionate to the complexity of the facts, legal issues, and claimed damages in this case, and that while neither party is wholly without fault in that regard, J&J has been by far the primary driver of this trend. If this scorched-earth style of litigation continues unabated in this case, the Court may consider issuing an order to show cause why the offending filings are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

**IT IS THEREFORE ORDERED** that Plaintiff J & J Sports Productions, Inc.'s Motion to Strike Defendant's Affirmative Defenses (Doc. 38) is **DENIED**.

**IT IS SO ORDERED** on this \_\_\_\_\_ day of October, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3